IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ABSOLUTE SENIOR CARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-153-L |
| | ) | |
| WESTERN HERITAGE INSURANCE | ) | |
| COMPANY, a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

This matter is before the court on the Motion for Summary Judgment of Defendant Western Heritage Insurance Company **[Doc. No. 51]**. Defendant argues that summary judgment in its favor is appropriate because: (1) Insurance coverage for an auto-related injury caused by a caregiver's failure of care and oversight of a home health care patient is precluded by the auto liability exclusion in the Professional Liability Coverage Form defendant issued to plaintiff; (2) even if the claim arose under the Commercial General Liability ("CGL") Coverage Form issued to plaintiff – which it does not – the underlying claim would also be unambiguously precluded by the auto exclusion in that coverage form; (3) all breach of contract and punitive damages claims are unambiguously excluded by the policy; and (4) there is "not one shred of evidence or law" supporting plaintiff's claim that defendant committed bad faith.

Plaintiff Absolute Senior Care, Inc. has responded to the motion, objecting to summary judgment. Plaintiff argues that the Professional Liability Coverage Form does not apply to the activities of plaintiff Absolute Senior Care because the claim involves non-professional home health care services. Plaintiff maintains that defendant knew that it provided no professional services. Plaintiff also asserts that the auto exclusion in the CGL Coverage Form does not apply since at the time of the accident causing the underlying injury to plaintiff's clients, there was no loan of the vehicle. Plaintiff argues that in denying this claim, defendant breached its duty to defend as well as the duty of good faith and fair dealing.

Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). See also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence

favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).  In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Here, defendant as the insurer has the burden of showing that an exclusion to coverage applies.

Upon thorough consideration of the submissions of the parties and the issues raised in plaintiff's response, and based on the applicable standard for granting summary judgment, the court finds that defendant's motion for summary judgment must be denied.  Defendant has not demonstrated that it is entitled to judgment as a matter of law.  Therefore, the Motion for Summary Judgment of Defendant Western Heritage Insurance Company **[Doc. No. 51]** is **DENIED.**  This order does not address plaintiff's motions for partial summary judgment.

It is so ordered this 14th day of May, 2008.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge